*Manager's*

**RECEIVED**

JUL 0 2 2020

CITY OF JOHNSTOWN
BY *City Manager's Ofc.*

## IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY
### CIVIL DIVISION

| | | |
|---|---|---|
| DARRION DIXON, | : | 2020 - 2409 |
| Plaintiff, | : | |
| | : | COMPLAINT |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| JOHNSTOWN, PENNSYLVANIA, a Pennsylvania | : | |
| Municipality; Frank Janakovic, in his capacity | : | |
| as Mayor of the City of Johnstown; Robert | : | Filed by: |
| Ritter In his capacity as acting City Manager of | : | |
| the City of Johnstown; the Johnstown Police | : | |
| Department; Robert Johnson In his capacity | : | |
| as Chief of Police for the Johnstown Police | : | DAVID L. BEYER, ESQUIRE |
| Department; and Kyle Wyrick, | : | 104 S. Center Street #316 |
| Individually and in his capacity as a Johnstown | : | Ebensburg, PA 15931 |
| Police Officer, | : | (T) (814) 471-7702 |
| Defendants. | : | (F) (814) 471-7703 |

FILED FOR RECORD

### NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance or by attorney and filing in writing with the Court your defenses and objections to the claims set forth against you. You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**LAUREL LEGAL SERVICES**
**227 FRANKLIN STREET #400**
**JOHNSTOWN, PA 15901**
**(800) 253-9558**

**IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY**
**CIVIL DIVISION**

|  |  |  |
|---|---|---|
| DARRION DIXON, | : | 2020 - _____ |
|     Plaintiff, | : | |
| | : | COMPLAINT |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| JOHNSTOWN, PENNSYLVANIA, a Pennsylvania | : | |
| Municipality; Frank Janakovic, in his capacity | : | |
| as Mayor of the City of Johnstown; Robert | : | Filed by: |
| Ritter In his capacity as acting City Manager of | : | |
| the City of Johnstown; the Johnstown Police | : | |
| Department; Robert Johnson In his capacity | : | |
| as Chief of Police for the Johnstown Police | : | DAVID L. BEYER, ESQUIRE |
| Department; and Kyle Wyrick, | : | 104 S. Center Street #316 |
| Individually and in his capacity as a Johnstown | : | Ebensburg, PA 15931 |
| Police Officer, | : | (T) (814) 471-7702 |
|     Defendants. | : | (F) (814) 471-7703 |

## COMPLAINT

AND NOW, comes your Plaintiff, Darrion Dixon, by and through his attorney, David L. Beyer, Esquire and Beyer Law Office, and files this Complaint, and in support thereof avers as follows:

### I.    Parties

1. Your Plaintiff is an adult individual with a legal address of 737 Park Avenue, Johnstown, PA 15902.

2. All Defendants have a primary work address of 401 Washington Street, Johnstown, PA 15901, which is the Public Safety Building of Johnstown, PA.

### II.    Facts

3. On or about November 22, 2018, Darrion Dixon was walking with his mother, Dorenda Dixon, and his brother, Dion Dixon, in a legal and appropriate manner in the City of Johnstown, Pennsylvania.

4. The trio was walking down the river trail behind the Greater Johnstown School District High School, on their way home.

5.  Officer Kyle Wirick, of the Johnstown Police Department, pulled up behind the trio in his police cruiser, after allegedly being dispatched for a physical disturbance wherein two black males in black clothing were allegedly dragging a woman in a pink jacket down the road and hitting her.

6.  Officer Wirick activated his emergency lights and parked his police cruiser facing the trio, which allowed the dash camera in the cruiser to capture the events that followed.

7.  Officer Wirick approached the Dixons and related his reason for stopping them.

8.  Darrion Dixon and Dion Dixon each denied hitting or dragging their mother; Dorenda Dixon denied being hit or dragged by her sons.

9.  Officer Wirick beckoned for Darrion Dixon to come closer and talk to him, which Officer Wyrick acknowledges Darrion Dixon complied with by coming to approximately 3.5 feet away and stood next to Dion Dixon.

10. Officer Wirick then verbally told Darrion Dixon that he was "in his bubble."

11. The dash camera shows that Darrion Dixon was standing beside his brother, Dion Dixon as he spoke to officer Wirick; he never moved closer or took any aggressive actions other than coming closer when Officer Wirick initially beckoned him to do so.

12. Officer Wirick took four strides to get behind Darrion Dixon, forced his arms behind his back and directed him towards the police cruiser.

13. As they approached the police cruiser, while pinning Darrion Dixon's arms behind his back, Officer Wirick forcibly slams the head of Darrion Dixon off the hood of the police cruiser with such force that the hood of the cruiser was damaged.

14. In response, Darrion Dixon turned his right shoulder, and the right half of his body, towards Officer Wirick to protest the unnecessary assault.

15. When Darrion Dixon begins to turn, Officer Wirick places his arms around the torso/neck of Darrion Dixon, and forcibly executes a reverse takedown of Darrion Dixon onto the ground.

16. Officer Wirick then handcuffed Darrion Dixon and took him into custody without incident.

17. Officer Wirick correspondingly filed charged against Darrion Dixon that included Aggravated Assault (Felony of the 1st degree), Resisting Arrest (Misdemeanor of the 2nd degree), Disorderly Conduct Engage in Fighting (Misdemeanor of the 3rd degree), Criminal Mischief (Summary offense), and Public Drunkenness (Summary offense).

18. Of note, Officer Wirick supported the charge of Criminal Mischief by stating that Darrion Dixon had intentionally thrown himself into the hood of the police cruiser, resulting in damages being done to the police cruiser.

19. All remaining charges were filed as a result of Darrion Dixon turning his torso towards Officer Wirick while being assaulted; there was no allegation that Darrion Dixon attempted to flee or to strike Officer Wyrick.

20. Collectively, the charges filed by Officer Wirick carried a maximum aggregate sentence of 23.5 years' incarceration and $33,100.00 in fines.

21. As a result of the serious nature of the crimes alleged, bail was set in the amount of Twenty Thousand ($20,000.00) Dollars.

22. Unable to post bail, Darrion Dixon remained incarcerated until December 6, 2018, a period of fifteen (15) days, at which point his bail was modified to an unsecured amount and he was permitted to exit Cambria County Prison.

23. The above referenced criminal charges remained in place throughout the pre-trial process.

24. Despite Discovery requests being properly made to the Cambria County District Attorney's Office, the cruiser camera footage was not contained within the evidence initially provided to the Defendant by the Commonwealth.

25. It is the understanding of the undersigned that the Cambria County District Attorney's Office did not have the cruiser camera footage in its possession at this time; the Johnstown Police Department and/or Officer Wirick had not supplied that footage to the District Attorney's Office as part of his investigation materials.

26. There is no reference to the existence of the cruiser camera footage in the Criminal Complaint filed by the officer, nor is there a reference to the existence of the cruiser camera footage in the discovery reports.

27. On or about September 27, 2019, a disc containing the cruiser camera footage was forwarded to Darrion Dixon's defense counsel by the Cambria County District Attorney's Office; that disc contained an error which made the cruiser camera footage unviewable.

28. On or about October 1, 2019, Darrion Dixon's defense counsel alerted the Cambria County District Attorney's office of the disc error.

29. In November, 2019, a disc containing the cruiser camera footage was forwarded to Darrion Dixon's defense counsel by the Cambria County District Attorney's Office; said camera footage completely exonerated Darrion Dixon from the criminal acts he was alleged to have committed.

30. On November 19, 2019, Darrion Dixon plead guilty to Disorderly Conduct, a summary offense, to ensure the matter was concluded with prejudice.

31. Darrion Dixon was sentenced to a $0.00 fine, no further incarceration, no conditions, no probation, and all of the associated costs of the prosecution were ordered to be paid by Cambria County, given the factual circumstances shown by the cruiser camera footage.

32. As a result of the Plaintiff's unfounded detention, he has suffered great stress, emotional distress, damage to character and reputation and financial losses attributable to these effects.

33. As a result of the above averments of fact, the Plaintiff demands a Jury Trial.

## Count 1: 42 U.S.C. Section 1983 and Fourth, Fifth and Fourteenth Amendments to U.S. Constitution

34. All previous paragraphs are incorporated by reference as if the same were set forth more fully at length herein.

35. Defendants have by tacit or implied consent, or deliberate indifference allowed unlawful and unconstitutional police practices, regulations, rules or policies, customs and procedures to exist.

36. These practices, customs, edicts, etc., which by their longstanding implementation have become the rule, include without limitation subjecting citizens to unlawful seizures and imprisonment, misidentification of criminal suspects, acting and conducting investigations in bad faith and tolerating and implicitly approving the official violation of clearly established constitutional rights.

37. The Defendants, by deliberate indifference or tacit acquiescence, have failed to properly train, supervise, and discipline their front-line investigators and officers inclusive of the officially named police officer.

38. The Defendants have routinely acquiesced in and failed to take appropriate measures to prevent the aforesaid police misconduct and particularly the conduct alleged to have violated plaintiff's constitutional rights.

39. As a proximate cause of defendant's official rules, regulations, and directives, or the defendants' policies, customs, procedures, and practices, the Plaintiff has suffered substantial injury and loss.

40. By allowing the seizure and imprisonment of Plaintiff and the subsequent filing of false or bad faith criminal charges in violation of the Fourth Amendment.

41. By arresting Plaintiff without probable cause, Defendants deprived him of his liberty without due process of law, in violation of his Fifth Amendment rights.

42. By allowing the initiation of false or pretextual charges and criminal prosecution against Plaintiff in order to cover up or justify improper police misconduct in violation of his right to be free from

unreasonable seizure and malicious prosecution. These rights are protected under the due process clause of the Fourteenth Amendment of the U.S. Constitution.

43. At all times pertinent hereto, the defendants deprived the Plaintiff of his constitutional rights while acting under the color of law.

44. Such conduct caused injuries to the Plaintiff's person, including:

    a. Deprivation of his freedom, in violation of his Constitutional rights;

    b. Anxiety disorder;

    c. Decreased Mental health;

    d. Hyper-vigilance;

    e. Damage to his reputation in the community;

45. As a result of these injuries, Plaintiff Darrion Dixon has incurred the following damages:

    a. Pain, suffering, embarrassment and inconvenience;

    b. Lost wages and income potential;

    c. Various expenses related to his legal defense; and

    d. Loss of the ordinary pleasures of life.

WHEREFORE, Plaintiff respectfully demands that the Court:

    a. Issue a declaratory judgment that the actions, policies, regulations or practices described above caused or resulted in the deprivation of rights guaranteed to Plaintiff by the Fourth, Fifth, and Fourteenth Amendment to the U.S. Constitution and by 42 U.S.C. 1983.

    b. Award the individually named Plaintiff compensatory damages against defendants jointly and severally in excess of $250,000.00.

    c. Award the individually named Plaintiff punitive damages against defendants jointly and severally in excess of $250,000.00.

    d. Award reasonable costs and attorney's fees pursuant to 42 U.S.C. 1988.

JURY TRIAL DEMANDED.

## Count 2: False Arrest and Imprisonment and PA. Const. art. 1 § 8.

46. Plaintiff hereby incorporates by reference all preceding paragraphs as though set forth more fully at length herein.

47. At all times relevant herein, the defendants acted with the intention of confining Darrion Dixon within fixed boundaries, an action proscribed by the Constitution of Pennsylvania, article 1, §8, and the Restatement (Second) of Torts §35 (1965).

48. As a result of the arrest, secured by the defendants in the absence of probable cause, Plaintiff, Darrion Dixon was handcuffed, confined, and deprived of his liberty.

49. At all times pertinent hereto, Plaintiff, Darrion Dixon was conscious of the confinement.

50. The above-named Defendants, at all times relevant herein, acted without good faith and in the absence of ordinary care. This conduct includes, but is not limited to:

    a. Arresting the Plaintiff, Darrion Dixon, without probable cause;

    b. Falsely accusing the Plaintiff, Darrion Dixon, of aggressive actions that the video shows did not occur;

    c. Falsely accusing the Plaintiff, Darrion Dixon, of intentionally damaging the police cruiser through a voluntary act that the video shows did not occur;

    d. Falsely accusing the Plaintiff, Darrion Dixon, of committing an aggravated assault of a police officer that the video shows did not occur;

    e. Falsely accusing the Plaintiff, Darrion Dixon, of resisting a lawful arrest when the video shows no such resistance occurred;

    f. Not presenting the video to the Cambria County District Attorney's office whenever it clearly contravenes the Criminal Affidavit signed by the arresting officer;

    g. Allowing the Magisterial District Justice to set bail based on the Criminal Affidavit of Probable Cause and not presenting the video to the Magisterial District Justice.

    h. Allowing the criminal charges to exist for nearly a year, without probable cause, before providing the video exculpating the Plaintiff.

    i. Creating, and participating in, an atmosphere where

51. As a result of the above charged conduct by the Defendants, Plaintiff has suffered those injuries set forth more fully in the preceding paragraphs.

52. As a result of these injuries, Plaintiff has incurred those damages set forth more fully in the preceding paragraphs.

WHEREFORE, Plaintiff respectfully demands that the Court:

    a.  Award the Plaintiff compensatory damages against defendants jointly and severally.

    b.  Award the Plaintiff punitive damages against defendants jointly and severally.

    c.  Such other and further relief as is just and proper.

JURY TRIAL DEMANDED.

### Count 3: Malicious Prosecution

53. Plaintiff hereby incorporates by reference all preceding paragraphs as though set forth more fully at length herein.

54. That the Defendants, while acting under color of law, did willfully and without proper motive, institute false criminal charges against Plaintiff, Darrion Dixon, conduct proscribed by the Restatement (Second) of Torts §653 (1965).

55. The Defendants, aforesaid, knew or should have known that the charges they filed to wit: Aggravated Assault, Resisting Arrest, Disorderly Conduct Engage in Fighting, and Criminal Mischief, were baseless. This is supported by the fact that:

    a.  The Defendants were in possession of video footage exculpating Darrion Dixon from the alleged conduct which formed the basis of said charges.

    b.  The Defendants intentionally provided false information to the Cambria County District Attorney's Office while withholding the video footage of same until just before the scheduled trial was to take place.

56. As a direct and proximate result of the filling of false criminal charges and false, misleading reports, Plaintiff has suffered those injuries set forth more fully in the preceding paragraphs.

57. As a result of these injuries, Plaintiff has incurred those damages set forth more fully in the preceding paragraphs.

WHEREFORE, Plaintiff respectfully demands that the Court:

    a.  Award the Plaintiff compensatory damages against defendants jointly and severally.

    b.  Award the Plaintiff punitive damages against defendants jointly and severally.

    c.  Such other and further relief as is just and proper.

JURY TRIAL DEMANDED.

## Count 4: Intentional Infliction of Emotional Distress

58. All previous paragraphs are incorporated by reference as if the same were set forth more fully at length herein.

59. In purposefully depriving Darrion Dixon of his liberty, instituting criminal proceedings, and withholding exculpatory evidence from the Commonwealth for the duration of the pre-trial process, the Defendants acted in an extreme and outrageous manner, beyond the bounds of all decency, conduct proscribed by the Restatement (Second) of Torts §46 (1965).

60. The Defendants knew or should have known that such an unwarranted deprivation of liberty would cause the Plaintiff severe emotional distress.

61. Such conduct caused the Plaintiff severe emotional distress and manifested physical symptoms outlined in the preceding paragraphs.

62. As a result of these injuries, Plaintiff has incurred those damages set forth in the preceding paragraphs.

WHEREFORE, Plaintiff respectfully demands that the Court:

    a. Award the Plaintiff compensatory damages against defendants jointly and severally.

    b. Award the Plaintiff punitive damages against defendants jointly and severally.

    c. Such other and further relief as is just and proper.

    JURY TRIAL DEMANDED.

## Count 5: Assault and Battery

63. All previous paragraphs are incorporated by reference as if the same were set forth more fully at length herein.

64. The arresting officer acting within the course and scope of his employment, and under the supervision of his superiors without just cause and with unprivileged intent attempted and did in fact make unnecessary harmful and offensive contact, causing immediate apprehension of your Plaintiff, Darrion Dixon who he physically assaulted by:

    a.      Forcing his arms behind his back;

b.    Forcibly slamming the body and head of Darrion Dixon off of the Police cruiser;

c.    Forcibly executing a reverse takedown and throwing Darrion Dixon to the ground.

WHEREFORE, Plaintiff respectfully demands that the Court:

a.   Award the Plaintiff compensatory damages against defendants jointly and severally.

b.   Award the Plaintiff punitive damages against defendants jointly and severally.

c.   Award the Plaintiff reasonable costs and attorney fees and such other relief as is just and proper.

JURY TRIAL DEMANDED.

Respectfully Submitted:

David L. Beyer, Esquire
Attorney for Plaintiff, Darrion Dixon
104 S. Center Street #316
Ebensburg, PA 15931

# **VERIFICATION**

The foregoing statements of fact are true and correct. I understand that false statements herein are made subject to penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_6-23-2020_
DATE

_Darrion Dixon_
Darrion Dixon